GAIMS, WEIL, WEST & EPSTEIN, LLP
ALAN JAY WEIL (SBN 63153)
MARC EPSTEIN (SBN 61062)
STEVEN S. DAVIS (SBN 79019)
DAVID M. BERKE (SBN 228827)
1875 Century Park East, 12th Floor
Los Angeles, California 90067-2513
Telephone: (310) 407-4520
Facsimile:  (310) 277-2133
Email:      ajweil@gwwe.com
            epstein@gwwe.com

*Attorneys for Plaintiff Gartner, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARTNER, INC.<br><br>Plaintiff,<br><br>v.<br><br>KEVIN PARIKH, JAY PRIDAY, ROBERT WYMAN RANDOLPH, MICHAEL ANDERSEN, AMIT SINGH, RAVI MAHALINGAM, HENRY GUAPO, STRADLING GLOBAL SOURCING, LLC, STRADLING YOCCA CARLSON & RAUTH, A PROFESSIONAL CORPORATION,<br><br>Defendants.<br><br>AND RELATED ACTION | Lead Case: SA CV 07-37-PSG (MLGx)<br>Consolidated:<br>Case No. 07-CV-2039 PSG (MLGx)<br><br>**DECLARATION OF MARC MILLER IN SUPPORT OF MOTION BY PLAINTIFF GARTNER, INC. FOR TERMINATING SANCTIONS, OR IN THE ALTERNATIVE ISSUE SANCTIONS, EVIDENTIARY SANCTIONS AND/OR ADVERSE INFERENCE JURY INSTRUCTIONS AND MONETARY SANCTIONS**<br><br>Date:       Sept. 8, 2008<br>Time:       1:30 p.m.<br>Courtroom: 790<br><br>Pretrial Conference: August 25, 2008<br>Time: 1:30 p.m.<br>Trial Date: September 16, 2008<br><br>[Assigned to Hon. Philip S. Gutierrez, Courtroom 790] |

# DECLARATION OF MARC MILLER

I, Marc Miller, declare:

1. I am head of Global Consulting Operations of Gartner, Inc. I have personal knowledge of the matters set forth herein and if called as a witness I could and would testify thereto. This declaration is submitted in support of Gartner's motion for sanctions for Defendants' spoliation of evidence and other litigation misconduct.

2. Gartner provides consulting services and technical research to businesses all over the world seeking the best vendors for the delivery of technology products and services and strategies for acquiring and implementing the best technologies for their businesses.

3. At considerable time and expense to Gartner, Gartner researches, compiles and maintains a confidential database reflecting the expiration dates and other details of outsourcing contracts entered into by Gartner prospective and current clients. This database is valuable to Gartner -- and would be to Gartner's competitors if they obtained it -- because it identifies when prospective or current clients for Gartner's outsourcing consulting services will need additional consulting services within Gartner's expertise when their existing outsourcing agreements expire. The database also contains detailed information regarding the services rendered under the existing contract. Gartner's outsourcing contract database bears the legend at the top of each page "Confidential: expiring contract list." It contains numerous columns of key information about more than 2000 outsourcing contracts. A true copy of a portion of Gartner's outsourcing contract database is attached as Exhibit "390" to Gartner's motion to file exhibits under seal.

4. I have reviewed a document that I understand was produced in this case by Defendants on July 30, 2008 on a CD that bears bate stamp number D 10055. That document appears to be virtually identical to Gartner's outsourcing contract database (also called Gartner's expiring contract list), although slightly reconfigured. It contains data that Gartner researched and compiled in its database. Its structure is virtually identical to Gartner's. It has all the same headings. The sequence of the columns in Defendants' database spreadsheet exactly matches Gartner's. The contents are almost all the same, including the wording and even the spacing. The only variation between the two appears to be where Defendants updated the database with new information gleaned after they left Gartner or deleted data. A true copy of Defendants' document is attached to Gartner's motion to file exhibits under seal as Exhibit "398."

5. I have also reviewed a document I understand was produced by Defendant Stradling Yocca Carlson & Rauth ("SYCR") in May 2008 that bears bates stamp numbers SYCR 02387–02446. The first page of this document is a March 17, 2006 e-mail from Defendant Kevin Parikh to SYCR which Parikh forwards on May 23, 2006 to SYCR. Both e-mails have the words "Promised Materials" on the subject line of the e-mail. The emails reflect that Parikh enclosed a power point presentation bearing the title "Project Greenfield Imperial Team Discussions" I understand from discovery taken of Defendants in this case that "Project Greenfield" was the name Defendants gave to their plan to create a competing business while they were still employed by Gartner. A true copy this document is attached Gartner's motion to file exhibits under seal as Exhibit "205."

6. The "Project Greenfield" document attached to Parikh's e-mails includes not only Gartner marketing materials, but also such Gartner trade

secret and confidential business information as Gartner's "SOAR" Report which is an acronym for Gartner's "sourcing opportunity activity report." That Report details Gartner client contracts, dollar amounts, contract completion dates, and follow-on opportunities with Gartner clients. Defendants included the following statement at the top of the Gartner SOAR Report: "Pipeline and Engagement Activity Management. Over 30 Active Engagements in North America at $7.5 mm." Gartner does not disclose its SOAR Report to Gartner competitors or anyone outside of Gartner.

7.   Attached to Gartner's motion to file exhibits under seal as Exhibits "206" – "210" is a May 9, 2006 e-mail from Parikh to SYCR enclosing Gartner confidential reports that I understand was produced in this litigation by Defendant SYCR in May 2008. One of the enclosed Gartner reports is entitled "Deal Pipeline." It sets forth Gartner confidential data for current and potential Gartner engagements, including the "engagement type," the "original contract value," the "remaining contract value," the "planned end date," and Gartner's specific comments about each such current and potential engagement.

8.      Another Gartner report attached to Parikh's May 9, 2006 e-mail is entitled "Engagement Transition Prospects." Parikh describes this report in his e-mail as a "List of current deals that we will be attempting to transition [to Stradling/SGS]" that were "not directly reflected in the Pipeline and Sales per Month Schedule." This document included such confidential Gartner information as the "Remaining CV [contract value] Balance," the "Project Start Date" and the "Project End Date," as well as the last time the status of each engagement was updated.

9.      The above mentioned Gartner documents appear to have been created through Gartner's Engagement Management System, called GEMS, which is confidential and proprietary to Gartner and contains confidential Gartner data on all aspects of its business. It is password protected throughout Gartner.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 5, 2008, at Arlington, Virginia.

_____
MARC MILLER