GAIMS, WEIL, WEST & EPSTEIN, LLP
ALAN JAY WEIL (SBN 63153)
MARC EPSTEIN (SBN 61062)
DAVID M. BERKE (SBN 228827)
1875 Century Park East, 12th Floor
Los Angeles, California 90067-2513
Telephone: (310) 407-4520
Facsimile:  (310) 277-2133
Email:      ajweil@gwwe.com
            epstein@gwwe.com
            dberke@gwwe.com

*Attorneys for Plaintiff Gartner, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARTNER, INC.<br><br>Plaintiff,<br><br>v.<br><br>KEVIN PARIKH, JAY PRIDAY, ROBERT WYMAN RANDOLPH, MICHAEL ANDERSEN, AMIT SINGH, RAVI MAHALINGAM, HENRY GUAPO, STRADLING GLOBAL SOURCING, LLC, STRADLING YOCCA CARLSON & RAUTH, A PROFESSIONAL CORPORATION,<br>Defendants.<br><br>AND RELATED ACTION | Lead Case: SA CV 07-37-PSG (MLGx)<br>Consolidated:<br>Case No. 07-CV-2039 PSG (MLGx)<br><br>**DECLARATION OF ALAN JAY WEIL IN SUPPORT OF EX PARTE APPLICATION AND ALTERNATIVE NOTICED MOTION FOR AN ORDER CONTINUING PRE-TRIAL CONFERENCE, TRIAL DATE AND RELATED DATES PURSUANT TO L.R. 16-9 AND 40-1.**<br><br>[Ex Parte Application and Noticed Motion filed concurrently herewith]<br><br>Alternative Noticed Hearing Date: August 4, 2008<br>Time: 1:30 p.m.<br>Courtroom: 790<br><br>[Assigned to Hon. Philip S. Gutierrez, Courtroom 790] |

I, Alan Jay Weil, declare as follows:

1. I am an attorney admitted to practice before this Court and all courts of the State of California, and I am a partner in Gaims, Weil, West & Epstein, LLP, attorneys of record for Plaintiff Gartner, Inc.

2. This declaration is submitted in support of Gartner's ex parte application and alternative noticed motion to continue PreTrial Conference, trial, and related dates.

3. On June 23, 2008 the Court signed an order pursuant to stipulation of the parties extending the discovery cutoff, expert witness disclosure and motion cutoff dates to August 5, 2008 to enable the parties to have sufficient time to complete discovery.

4. However, under the current trial schedule, the parties must file and serve documents for the August 25, 2008 Pretrial Conference by August 4, 2008, including their Memoranda of Contentions of Law and Fact, Joint Exhibit List, and Witness Lists. The parties must also disclose additions or changes to expert testimony by August 4, but initial expert witness disclosures are not due until August 5, 2008 in accord with the Court's June 23, 2008 order.

5. Additionally, the parties are presently scheduled to file certain summary judgment or other case-dispositive motions by August 5, 2008 in accord with the Court's June 23, 2008 order.  Gartner intends to file a motion seeking terminating, issue and/or evidentiary sanctions based on defendants' spoliation of evidence. For motions served and filed on August 5, the earliest hearing date would be September 8, 2008.

6. The outcome of Gartner's spoliation motion and the other parties' summary judgment motions may substantially affect the claims and

defenses which remain to be tried, the scope and length of the trial, and the number of witnesses.

7. Additionally, on June 4, 2008, the California Supreme Court heard oral argument and took under submission the case entitled *Edwards v. Arthur Andersen*, Case No. S147190. One of the two issues that the California Supreme Court asked to be briefed by the parties was: "Is a non-competition agreement between an employer and an employee that prohibits the employee from performing services for former clients invalid under Business and Professions Code section 16600, unless it falls within the statutory or judicially-created trade secrets exceptions to the statute?" One of the issues discussed in the Court of Appeal decision in *Edwards* is whether the Ninth Circuit's "narrow restraint doctrine" is a proper interpretation of California law under Business and Professions Code section 16600.

8. How the California Supreme Court rules in *Edwards* may impact Gartner's claims for breach of the covenant not to compete in this case.

9. Pursuant to the California Supreme Court's Internal Operating Practices and Procedures, Section "X", a decision by the California Supreme Court is not expected before September 4, 2008. This date is after the currently scheduled August 25, 2008 Pretrial Conference in this case. This is also after the date for the filing of the Pretrial Conference Order, as well as the above mentioned motions and documents.

10. The parties have previously stipulated to court-approved stand-stills and postponements to mediate this action and to give Defendant Stradling Yocca Carlson & Rauth time to prepare for trial after it was named as a party.

11. Since the last stipulation, signed on June 18, 2008, the parties have taken numerous depositions and responded to eight sets of

3

interrogatories and requests for production of documents. The parties still have scheduled a number of additional depositions to be taken in Los Angeles, Dallas, Atlanta, and Stamford, Connecticut. Gartner has been diligent in taking discovery and preparing documents necessary for trial. Depositions have been double-tracked, and the parties have successfully worked through a number of discovery issues that otherwise would have resulted in motions.

12. Additionally, on July 3, 2008, Gartner filed a motion to amend its Complaint based primarily on recent discovery. Gartner noticed its motion for August 4, 2008. The Court, on its own motion, continued the hearing to August 18, 2008.

13. A short postponement of the trial date and the Pretrial Conference dates until after Gartner's spoliation motion and other case dispositive motions are decided, and after the California Supreme Court's ruling in *Edwards* will assist the parties in preparing appropriate Pretrial Conference filings for the Court, will save time and resources of the Court and the parties, and will streamline the length and scope of the trial, claims and defenses. Since initial expert witness disclosures are not being made until August 5, we request that the date for the filing and service of expert witness rebuttal reports be continued to August 26, 2008, and the date for completion of expert witness depositions be continued to September 9, 2008.

14. On July 21, 2008, I emailed counsel for defendants, Thomas Mackey (counsel for Defendants SGS, and individual Defendants Parikh, Priday, Randolph, Andersen, Mahalingam, Singh, and Guapo), and Steve Ragona (counsel for Defendant Stradling Yocca Carlson & Rauth) and asked that they stipulate to the requested relief.  On July 22, not having heard back from either, I emailed them again to inform them that Gartner would be applying ex parte for the requested relief this date if defendants did not

wish to stipulate. On July 23, 2008 I spoke with Mr. Mackey who requested certain changes to the proposed stipulation, which I made and emailed to defendants' counsel, again noting that if I did not receive all defendants' agreement to the stipulation or any modification thereof, we would be filing an ex parte application. True copies of my emails are attached as Exhibit "1." Later on July 23, 2008 I was advised by Mr. Mackey's associate, Jamie Chanin, that defendants would stipulate only to a 2 week extension of the deadline to file documents in connection with the Pretrial Conference, in other words to August 18, and an extension for expert witness discovery. I explained to Ms. Chanin that a 2 week extension of the deadline to file the Pretrial Conference documents would not solve the problem. Neither Gartner's spoliation motion nor other case dispositive motions will be decided until September 8 at the earliest (if the Court rules at the hearings). That is one week before the current trial date, two weeks after the current Pretrial Conference, and over a month after the current date for filing the various Pretrial Conference documents. Nevertheless, I could not persuade defendants' counsel to accept a more realistic schedule which would avoid wasting the time and resources of the Court and the parties.

15. Alternatively, we have filed with the Court a regular noticed motion seeking the same relief on August 4, 2008. The ex parte application is preferred because August 4, 2008 is the date upon which Pretrial Conference documents would be due, and is after the current deadline for filing motions in limine. However, if the Court prefers to hear the matter on notice on August 4, we request that the Court suspend the Pretrial Conference filing requirements in the interim.

5

The foregoing is within my personal knowledge and if called as a witness I could testify thereto. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 23, 2008, at Los Angeles, California.

_____
Alan Jay Weil

# EXHIBIT 1

**From:** Alan Weil <ajweil@gwwe.com>
**Date:** July 21, 2008 1:49:17 PM PDT
**To:** "Thomas G. (L.A.) Mackey" <MackeyT@jacksonlewis.com>, "Steven M. Ragona" <SRagona@ValleAssociates.com>, "Jeffrey B. Valle" <jvalle@valleassociates.com>, "Jamie C. Chanin" <chaninj@jacksonlewis.com>
**Cc:** Marc Epstein <epstein@gwwe.com>
**Subject:** Gartner v. Parikh et al.

Dear Counsel,

I have enclosed a proposed stipulation for a short continuance of the trial and pretrial conference dates. As you will see from the enclosed, if our date calculations are correct, we are presently required to prepare and file Pretrial Conference documents, such as Memoranda of Contentions of Law and Fact, Joint Exhibit Lists and Witness Lists, and expert witness testimony additions or deletions by August 4. That doesn't seem possible with summary judgment and other case dispositive motions due on August 5. We've already discussed the fact that Edwards may have an impact as well. We've included references to all of this in the stipulation.

Please let me know if this is acceptable to you or if you would like any changes as soon as possible. The Court will obviously want to be advised of these circumstances quickly.

<StipContTrial080721.pdf>

Alan Jay Weil
Gaims Weil West & Epstein LLP
1875 Century Park East, Suite 1200
Los Angeles, California 90067
Tel. 310-407-4526
Fax 310-277-2133

**From:** Alan Weil <ajweil@gwwe.com>
**Date:** July 22, 2008 5:12:03 PM PDT
**To:** "Steven M. Ragona" <SRagona@ValleAssociates.com>, "Thomas G. (L.A.) Mackey" <MackeyT@jacksonlewis.com>, "Jamie C. Chanin" <chaninj@jacksonlewis.com>
**Cc:** Marc Epstein <epstein@gwwe.com>
**Subject: Stipulation for Continuance of PTC and Trial**

Dear Tom, Steve and Jamie

I know everyone is busy. But I would appreciate hearing from you as to whether the stipulation we sent you meets with your approval. If it needs to be changed in any way, let me know. If you are opposed to moving the dates, please let me know that. If the latter, we will be filing an ex parte application with the Court tomorrow seeking an order continuing the dates as set forth in the stipulation.

Alan

Alan Jay Weil
Gaims Weil West & Epstein LLP
1875 Century Park East, Suite 1200
Los Angeles, California 90067
Tel. 310-407-4526
Fax 310-277-2133

**From:** Alan Weil <ajweil@gwwe.com>
**Date:** July 23, 2008 2:20:00 PM PDT
**To:** "Thomas G. (L.A.) Mackey" <MackeyT@jacksonlewis.com>, "Steven M. Ragona" <SRagona@ValleAssociates.com>, "Jamie C. Chanin" <chaninj@jacksonlewis.com>
**Cc:** Marc Epstein <epstein@gwwe.com>
**Subject: Stipulation for Continuance**

Dear Tom, Steve and Jamie

Tom made some suggestions which I have incorporated into the stipulation, namely providing for a two week continuance of the motion filing deadline and a Sept 30 deadline for completing expert witness discovery.

Tom indicated he would let me know this afternoon whether his clients will stipulate. I ask also that Steve let me know whether SYCR will so stipulate. If additional changes are needed, please let me know.

As I indicated yesterday, without a stipulation, we will move ex parte for the same relief.

Alan

<StipContTrial080723.pdf>

Alan Jay Weil
Gaims Weil West & Epstein LLP
1875 Century Park East, Suite 1200
Los Angeles, California 90067
Tel. 310-407-4526
Fax 310-277-2133