GAIMS, WEIL, WEST & EPSTEIN, LLP
ALAN JAY WEIL (SBN 63153)
MARC EPSTEIN (SBN 61062)
STEVEN S. DAVIS (SBN 79019)
DAVID M. BERKE (SBN 228827)
1875 Century Park East, 12th Floor
Los Angeles, California 90067-2513
Telephone: (310) 407-4520
Facsimile:   (310) 277-2133
Email:       ajweil@gwwe.com
             epstein@gwwe.com

*Attorneys for Plaintiff Gartner, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARTNER, INC.<br><br>Plaintiff,<br><br>v.<br><br>KEVIN PARIKH, JAY PRIDAY, ROBERT WYMAN RANDOLPH, MICHAEL ANDERSEN, AMIT SINGH, RAVI MAHALINGAM, HENRY GUAPO, STRADLING GLOBAL SOURCING, LLC, STRADLING YOCCA CARLSON & RAUTH, A PROFESSIONAL CORPORATION,<br><br>Defendants. | Lead Case: SA CV 07-37-PSG (MLGx)<br>Consolidated:<br>Case No. 07-CV-2039 PSG (MLGx)<br><br>**DECLARATION OF ALAN JAY WEIL IN SUPPORT OF PLAINTIFF'S MOTION FOR TERMINATING SANCTIONS, OR IN THE ALTERNATIVE ISSUE SANCTIONS, EVIDENTIARY SANCTIONS ADVERSE INFERENCE JURY INSTRUCTION, EVIDENTIARY HEARING AND MONETARY SANCTIONS**<br><br>[Filed concurrently with Notice of Motion, Supporting Memorandum, Appendix of Exhibits, and Application to File Confidential Documents Under Seal]<br><br>Date:       Sept. 8, 2008<br>Time:       1:30 p.m.<br>Courtroom: 790<br><br>Pretrial Conference: August 25, 2008 |

| | |
|---|---|
| | Time: 1:30 p.m.<br>Trial Date: September 16, 2008<br><br>[Assigned to Hon. Philip S. Gutierrez, Courtroom 790] |
| AND RELATED ACTION | |

# DECLARATION OF ALAN JAY WEIL

I, Alan Jay Weil, declare:

1. I am a partner of Gaims, Weil, West & Epstein, LLP, counsel for Plaintiff Gartner, Inc., and I am admitted to practice in all the Courts of the state of California and this Court. This declaration is submitted in support of Gartner's motion for sanctions for Defendants' spoliation of evidence and other litigation misconduct. I have personal knowledge of the matters stated herein and if called as a witness I could testify competently thereto.

2. In April 2007, Gartner served document demands that Defendants produce all documents reflecting Defendants' communications amongst themselves, including their pre-October 27, 2006 emails and other documents reflecting their activities that led to their formation of SGS. Attached as Exhibit 2 is a true copy of Gartner's First Request for Production of Documents. Defendants responded by producing over 8500 pages of documents in May 2007 but provided few documents relating to their pre-October 27, 2006 activities. October 27, 2006 was the date that the VP Defendants resigned together from Gartner without prior notice.

3. Gartner retained computer forensic expert, Stroz Friedberg, LLC, to analyze Defendants' Gartner laptops which Gartner issued to them while they were Gartner employees. Gartner retained Stroz only after my office attempted for months to obtain defense counsel's agreement to hire jointly a computer forensic expert in order to minimize expense. When defense counsel informed us that they did not wish to do so, Gartner retained Stroz alone. As detailed in the declaration of Sam Rubin filed concurrently herewith, Stroz determined that gigabytes of data were deleted from the VP Defendants Gartner laptops shortly before Defendants returned the Gartner laptops to Gartner. Mr. Rubin also determined that Defendant Parikh ran a

3

wiping program called Clean Space on his Gartner laptop on October 31, 2006, while he was employed by SGS.

4. Defendant SGS and the VP Defendants withheld a number of critical documents from Gartner, none of which they ever identified on a privilege log or produced. Gartner learned of some of these concealed documents when they were produced for the first time by another Defendant, SYCR, in May 2008. Others were produced by the individual defendants and SGS for the first time *on July 30 and August 1, 2008*, only three court days before the discovery cutoff date.

5. The following are some of the documents never produced by Defendants SGS or the individual defendants or produced only at the end of the discovery cutoff period.

a. <u>The "Expiring Contract List"</u>.

As the concurrently filed declaration of Marc Miller, Gartner's head of Global Consulting Operations, demonstrates, at considerable time and great expense, Gartner researches, compiles and maintains a confidential database reflecting the expiration dates and other details of outsourcing contracts entered by Gartner prospective and current clients. This confidential database is valuable to Gartner–and would be to Gartner's competitors if they obtained it–because it identifies when prospective or current clients for Gartner's outsourcing consulting services will need additional consulting services when their existing outsourcing agreements expire. The database also contains detailed information regarding the services rendered under the existing contracts. A portion of Gartner's outsourcing contract database is attached as Exhibit 390 to Gartner's motion to file exhibits under seal.

On July 30, 2008, for the first time, Defendant SGS and the individual defendants produced a copy of Gartner's expiring contract database, even

though it was responsive to Gartner's April 2007 document requests. A true copy of what Defendants produced is attached as Exhibit 398 to Gartner's motion to file exhibits under seal.

    b.    <u>The March 17, 2006 "Project Greenfield" Document</u>.

On March 17, 2006, eight months before leaving Gartner, and unbeknownst to Gartner, Defendant Parikh emailed a "Project Greenfield" document to SYCR and he forwarded the same document to others at SYCR on May 23, 2006. A version of this "Project Greenfield" document was produced by Defendant SYCR with the Parikh email in May 2008 which included not only Gartner marketing materials, but also such critical Gartner trade secret and confidential business information as: schedules of client contracts, dollar amounts, contract completion dates, follow-on opportunities with Gartner clients, and Defendants' statement that they had "30 active engagements in North America totaling $7.5 mm." This document was not produced by any individual Defendant or SGS even though Gartner requested it *in April 2007*.

Instead, the individual Defendants produced another version of this document with the identical email on October 29, 2007. The version Defendants produced deleted the most sensitive Gartner trade secret information, leaving only Gartner's marketing materials. Defendants did not indicate that anything had been redacted from the document they produced or that there was another version. Defendants produced the pages consecutively numbered. Both the Project Greenfield document produced by the individual Defendants and SGS in October 2007 and the unredacted document produced by SYCR in May 2008 were produced in such a way to make it appear that they were both attached to the same email Parikh sent to SYCR on March 17, 2006, and again on May 23, 2006. True copies of the May 2008 SYCR production of the email and Project Greenfield Document are

attached to Gartner's motion to file under seal as Exhibit 205. The October 29, 2007 production by the remaining defendants of the other version is attached as Exhibits 7 and 8.

In May 2008, Gartner learned for the first time that there were two versions of the Project Greenfield document which were dramatically different. Gartner's counsel requested an explanation from Defendants' counsel for the two versions and why Defendant SGS and the individual defendants had never produced the version produced by SYCR with the identical Parikh email. The March 17 and May 23, 2006 Parikh email appear to have contained only one attachment. Defense counsel for SGS and the individual defendants produced on August 4, 2008 what they represent was the Project Greenfield document sent by Parikh with his email, and they claim it was the version they produced on October 29, 2007. However, we have no ability to test this assertion because of the lateness of the explanation. We have not received any explanation for Defendants' failure to produce the Project Greenfield document produced by SYCR at all.

    c.    <u>Parikh's November 6, 2006 E-mail to SYCR Enclosing "Mine the Expiring Contract List"</u>.

Defendant SYCR produced another document in May 2008 the other Defendants have never produced: an email between Parikh and SYCR dated November 6, 2006. In this email Parikh forwarded to SYCR a "Business Development Plan" for SGS that states part of the plan is to "Mine the Expiring Contract List." A true copy is attached as Exhibit 183 and 184. As discussed in Mr. Miller's declaration, the Expiring Contract List is a Gartner trade secret on which Gartner spends hundreds of thousands of dollars each year to create and update. Defendants never admitted they had taken it from Gartner until July 30, 2008, when they first produced it in this litigation, after almost all discovery had been completed.

d. <u>Parikh's May 9, 2006 E-mail to SYCR enclosing Gartner "Deal Pipeline" and "Engagement Transition Prospects."</u>

On May 16, 2008, SYCR produced Parikh's May 9, 2006 e-mail, in which Parikh sent to SYCR a "Deal Pipeline" Report and an "Engagement Transition Prospects" report. A true copy of the email and attachments is attached as Exhibits 206, 208, and 209 to Gartner's motion to file exhibits under seal. As Mr. Miller's declaration demonstrates, these documents contain Gartner trade secrets. Gartner requested them from the other Defendants in *April 2007*. They were never produced by those Defendants, and no explanation has been given.

e. <u>Parikh's June 23, 2006 E-mail to SYCR.</u>

SYCR also produced on May 16, 2008 a June 23, 2006 email from Parikh to SYCR. A true copy is attached as Exhibit 204 to Gartner's motion to file exhibits under seal. In his June 23 e-mail Parikh tells SYCR: "We have good news. A number of our key clients are ready to resign and renew. ... This is in addition to current revenues that we shared with you in our last spreadsheet." Parikh not only names five Gartner "key clients" but also reveals the expected contract values for each renewal, totaling $630,000. Defendant SGS and the individual defendants never produced this document and offered no explanation for not doing so.

6. True and correct copies of additional documents produced by Defendants and referenced in the motion are attached as follows:

a. Exhibit 9 - emails regarding Stradling Global website design and power point content produced by Defendants.

b. Exhibit 137 – Gartner Pipeline Report produced by Defendants, attached to Gartner's motion to file exhibits under seal.

7

  c. Exhibit 87 - an email string dated October 17, 2006 among Parikh, Randolph, Priday and Andersen produced by Defendants concerning deleting Gartner email.

  d. Exhibit 79 - an email string among the VP Defendants dated May 30, 2006 produced by Defendants discussing "Potential Gartner Law Suit."

  e. Exhibit 262 - July 24, 2006 handwritten notes produced by SYCR on May 16, 2008 bearing bates stamp number SYCR 03119.

  f. Exhibit 196 – October 24, 2006 email from SYCR to Parikh produced by SYCR on May 16, 2008 bearing bates stamp numbers SYCR 02347 – 023494.

  g. Exhibit 193 - August 18, 2006 email produced by SYCR on May 16, 2008 bearing bates stamp number SYCR 01790.

  h. Exhibit 177, 178, 180 and 181 - emails and business cards produced by SYCR on May 16, 2008 bearing bates stamp numbers SYCR 00728 – 00729 and SYCR 00731 – 00732.

  i. Exhibit 189 – email string between SYCR partners produced by SYCR on May 16, 2008 bearing bates stamp numbers SYCR 01682 – 01684.

  j. Exhibit 182 – email string between Parikh and SYCR produced by SYCR on May 16, 2008 bearing bates stamp number SYCR 00802.

  k. Exhibit 202 – email string between Parikh and SYCR produced by SYCR on May 16, 2008 bearing bates stamp numbers SYCR 02371 – 02372.

  l. Exhibit 190 – email between SYCR partners produced by SYCR on May 16, 2008 bearing bates stamp numbers SYCR 01685 – 01686.

  m. Exhibit 191 – October 26, 2006 email between SYCR partners produced by SYCR on May 16, 2008 bearing bates stamp numbers SYCR 01773 –01775.

n. Exhibit 195 – November 8, 2006 email string between Parikh and SYCR produced by SYCR on May 16, 2008 bearing bates stamp number SYCR 02343.

0. Exhibit 185 – November 6, 2006 email from Parikh to SYCR and VP Defendants produced by SYCR on May 16, 2008 bearing bates stamp number SYCR 01091.

p. Exhibit 187 – December 13, 2006 email from Parikh to SGS produced by SYCR on May 16, 2008 bearing bates stamp number SYCR 01558.

q. Exhibit 186 – November 8, 2006 Stradling Firm Overview produced by SYCR on May 16, 2008 bearing bates stamp numbers SYCR 01230 – 01243.

7. Attached as Exhibit 391 are true copies of emails reflecting the return of the VP Defendants' Gartner laptops to Gartner.

8. Attached as Exhibit A are pertinent pages of the deposition taken of Kevin Parikh in this case [other than page 72, which Defendants have designated Confidential Pursuant to Protective Order].

9. Attached as Exhibit B are pertinent pages of the deposition taken of Jay Priday in this case.

10. Attached as Exhibit C are pertinent pages of the deposition taken of Michael Andersen in this case.

11. Attached as Exhibit D are pertinent pages of the rough transcript of the deposition taken of Robert Randolph in this case. [The final transcript of the deposition of Mr. Randolph has not been received by Gartner as of the filing of my declaration.]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 5, 2008, at Los Angeles, California.

_____
ALAN JAY WEIL