O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 07-37 PSG (MLGx);<br>CV 07-2039 PSG (MLGx)√ | Date | Aug. 20, 2008 |
|---|---|---|---|
| Title | Stradling Global Sourcing LLC v. Gartner, Inc.;<br>Gartner, Inc. v. Kevin Parikh, et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:** **(In Chambers) Order on Gartner's Motion for Leave to File a Second Amended Complaint**

    Before this Court is Gartner's Motion for Leave to File a Second Amended Complaint. The Court heard oral argument on August 18, 2008 and, with this order, now rules on the motion.

I.    BACKGROUND

    On January 9, 2007, Stradling Global Sourcing, LLC ("Stradling") filed a complaint in this district for declaratory relief against Gartner, Inc. ("Gartner"). This case was assigned case number CV 07-37 PSG (MLGx). Stradling's complaint requested that the Court invalidate certain non-competition and non-solicitation agreements between Gartner and several of Gartner's former employees who had later joined Stradling.

    Meanwhile, on January 2, 2007, Gartner had filed a lawsuit in Connecticut state court against its former employees. The Connecticut state court case was then removed to federal district court in Connecticut. Shortly thereafter, the Connecticut case was transferred to the Central District of California, and eventually, this Court accepted transfer of the case because of its relation to CV 07-37. This case is numbered CV 07-2039 PSG (MLGx).

    On July 24, 2007, the Court held a scheduling conference and ordered the consolidation of CV 07-37 and CV 07-2039. The Court set December 15, 2007 as the deadline for the parties

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 07-37 PSG (MLGx);<br>CV 07-2039 PSG (MLGx)√ | Date | Aug. 20, 2008 |
|---|---|---|---|
| Title | Stradling Global Sourcing LLC v. Gartner, Inc.;<br>Gartner, Inc. v. Kevin Parikh, et al. | | |

to request to add parties or amend the pleadings. Also, discovery cut-off was set for March 24, 2008, and motion filing cut-off was set for April 24, 2008. The two cases proceeded through litigation as consolidated cases, although the complaints from both cases remained in effect.

      Gartner timely filed a motion seeking leave to amend its complaint, and on December 17, 2007, the Court granted Gartner leave to file a First Amended Complaint. Partially due to Gartner's First Amended Complaint ("FAC"), the parties submitted a stipulation to continue certain deadlines in the consolidated cases, and the Court approved the stipulation on February 11, 2008. Under the new deadlines, Stradling was required to file a responsive pleading to the FAC on February 26, 2008. Also, discovery cut-off was extended to May 26, 2008, and motion filing cut-off was extended to June 25, 2008. The jury trial date was set for September 16, 2008.

      On April 10, 2008, the parties against submitted a stipulation to continue the discovery cut-off date. On April 14, 2008, the Court approved the parties' stipulation and continued the discovery cut-off date to July 21, 2008. The motion cut-off date was also extended to July 21, 2008. However, the September 16, 2008 trial date remained unchanged.

      Then, on June 23, 2008, the Court again approved the parties' stipulation to continue certain dates in the case. The discovery cut-off, motion filing cut-off and expert witness disclosure dates were all extended to August 5, 2008. Again, the September 16, 2008 trial date was not changed.

      On July 24, 2008, Gartner submitted an ex parte application requesting that the Court continue trial dates. Gartner requested that the court (1) continue the pre-trial conference date from August 25 to November 10, 2008 and (2) continue the trial date to December 2, 2008. Gartner further requested that other related dates be continued also. Gartner argued that a pending California Supreme Court decision would seriously effect the governing law on the parties' dispute and that delay of the trial to allow the parties to address the California Supreme Court decision was appropriate. In opposition, Stradling acknowledged that the pending California Supreme Court case would be important to the outcome of their dispute, but Stradling believed that a continuance of the trial dates was unnecessary. This Court denied Gartner's ex parte request for a continuance on July 25, 2008.

      Currently, the Court must consider Gartner's request for leave to file a Second Amended Complaint ("SAC"). Gartner seeks to (1) amend its claim for breach of the duty of loyalty

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-37 PSG (MLGx); <br> CV 07-2039 PSG (MLGx)√ | Date | Aug. 20, 2008 |
|---|---|---|---|
| Title | Stradling Global Sourcing LLC v. Gartner, Inc.; <br> Gartner, Inc. v. Kevin Parikh, et al. | | |

against Parikh to add defendants Priday, Andersen, and Randolph (who are already defendants in this action); (2) consolidate the two existing claims for misappropriation of trade secrets against defendants Priday and Parikh to a single claim that also adds defendants Andersen and Randolph; and (3) add a claim for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, against defendants Parikh and Priday.

II.     LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 15(a) generally governs amendments to pleadings in federal court.  FRCP 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. Proc. 15 (a).

The U.S. Supreme Court has established that courts should allow amendments to pleadings liberally.  The Supreme Court has stated that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.  In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

However, after a district court issues a pretrial scheduling order that establishes a timetable for amending the pleadings, FRCP 16 governs amendments to pleadings.  *Coleman v. Quaker Oats, Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000), *cert. denied*, 533 U.S. 950, 121 S. Ct. 2592, 150 L. Ed. 2d 751 (2001); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  Under that rule, a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge."  Fed. R. Civ. P. 16(b).

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'  Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); []; 6A Wright, Miller & Kane, *Federal Practice and*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-37 PSG (MLGx); <br> CV 07-2039 PSG (MLGx)√ | Date | Aug. 20, 2008 |
|---|---|---|---|
| Title | Stradling Global Sourcing LLC v. Gartner, Inc.; <br> Gartner, Inc. v. Kevin Parikh, et al. | | |

*Procedure* § 1522.1 at 231 (2d ed. 1990) ('good cause' means scheduling deadlines cannot be met despite party's diligence). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609 (internal citations omitted).

III.     DISCUSSION

    A.     Good Cause for Amendment

        1.     The Parties' Positions

Here, Gartner claims that it has good cause for requesting leave to file a Second Amended Complaint, long after the December 15, 2007 deadline to seek to add parties or amend pleadings. Gartner argues that (1) defendants Parikh, Priday, Andersen, and Randolph first disclosed documents demonstrating that all four defendants breached their duty of loyalty and misappropriated trade secrets months after the present deadline for filing amended pleadings; (2) in the last few weeks, Stradling provided documents proving that all four defendants breached their duty of loyalty and misappropriated trade secrets; (3) Gartner met and conferred with opposing counsel regarding its intent to file a SAC on February 29, 2008 and, after an unsuccessful mediation, it is now necessary to seek leave to file a SAC; (4) Gartner learned through its forensic computer expert and through deposition testimony that Parikh spoliated evidence by deleting files on his Gartner laptop; and (5) opposing parties will not be prejudiced.

In opposition, Stradling argues that Gartner unnecessarily delayed seeking leave to file it SAC and this would prejudice Stradling's ability to litigate Gartner's newly proposed claims.

        2.     Does Good Cause Exist to Allow a Late Amendment?

Here, the Court finds that Gartner waited too long to seek leave to file a SAC. Gartner admits in its papers that it first notified Stradling of its intent to file a SAC on February 29, 2008. (Gartner's Opening Memo, p. 2, lines 3-4; Gartner's Reply Memo, p. 3, line 3.) However, Gartner waited until May 8, 2008 to provide its proposed SAC to Stradling. (Reply Memo, p. 3, line 7.) Then, Gartner additionally delayed filing its motion seeking leave to file the SAC. Gartner did not file its motion until July 3, 2008. (Reply Memo, p. 3, line 17.) The hearing for Gartner's motion was initially scheduled for August 4, 2008. (Id., line 18.) Gartner's delays all

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | SACV 07-37 PSG (MLGx);<br>CV 07-2039 PSG (MLGx)√ | Date | Aug. 20, 2008 |
|---|---|---|---|
| Title | Stradling Global Sourcing LLC v. Gartner, Inc.;<br>Gartner, Inc. v. Kevin Parikh, et al. | | |

occurred despite the fact that the Court had set a deadline of December 15, 2007 for seeking leave to add parties or amend the pleadings.

Also, Gartner's excuses for its delays are unconvincing. Gartner argues that its delays were due to the opposing parties' alleged delays in producing documents to Gartner. However, Gartner knew that it wanted to amend its complaint to add individual defendants to its claims for breach of the duty of loyalty and misappropriation of trade secrets and to add a claim for violation of the Computer Fraud and Abuse Act by February 29, 2008 at the latest. Thus, Gartner knew that it wanted to amend its complaint before the opposing parties produced documents that Gartner now argues prove its proposed claims. Gartner also argues that the parties stipulated to a stay of discovery during mediation, and this caused Gartner to delay seeking leave to file a SAC. However, the court-approved stipulation did not prevent the parties from filing motions and merely stayed discovery. Finally, Gartner has no excuse for its delay in filing its motion on July 3, 2008 after providing the opposing parties with its proposed SAC on May 8, 2008.

Thus, in summary, Gartner has not shown that it diligently sought leave to amend its complaint, and Gartner fails to establish good cause to allow it to file a SAC.

B.   Prejudice to Opposing Parties

Furthermore, allowing Gartner's SAC could now cause the opposing parties prejudice and unnecessarily interfere with the Court's case management. Because the discovery cut-off date has passed, allowing Gartner's proposed SAC would add new defendants to existing claims and add an entirely new claim. The individual defendants that would be added to the existing claims would be required to defend claims for which they did not previously know they needed to conduct discovery. Also, the proposed defendants in the Computer Fraud and Abuse Act claim could not have been certain previously that discovery would be required on the claim. Thus, the proposed defendants are likely prejudiced in their ability to conduct adequate discovery. This prejudice could be alleviated by an extension of the discovery cut-off, but this would in turn interfere with the Court's efficient management of the case.

IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Gartner's Motion for Leave to File a

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 07-37 PSG (MLGx); CV 07-2039 PSG (MLGx)√ | Date | Aug. 20, 2008 |
|---|---|---|---|
| Title | Stradling Global Sourcing LLC v. Gartner, Inc.; Gartner, Inc. v. Kevin Parikh, et al. | | |

Second Amended Complaint.

**IT IS SO ORDERED.**